# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JERALINE SANTIAGO,** on behalf of her minor son Jherald Ayala<br><br>**Plaintiff,**<br><br>v.<br><br>**COMMONWEALTH OF PUERTO RICO, DEPARTMENT OF EDUCATION, et al.,**<br><br>**Defendants.** | **Civil No. 08-1832 (ADC)** |

## OPINION AND ORDER

Plaintiff, Jeraline Santiago, on behalf of her minor son Jherald Ayala ("plaintiff" or "Santiago"), brought suit against the Commonwealth of Puerto Rico and the Commonwealth's Department of Education (collectively "co-defendants") for attorneys' fees incurred in administrative proceedings pursuant to the Individuals with Disabilities Education Act ("IDEA"). On summary judgment, this court awarded plaintiff $9,343.75 in attorneys' fees. **Docket No. 27**.[1] Now before the court is plaintiff's motion requesting attorneys' fees, accrued in litigating their complaint for attorneys' fees at Docket No. 1 (**Docket No. 31**) and co-defendants' opposition to the same (**Docket No. 32**). For the reasons set forth below, the court finds that plaintiff is entitled to a reasonable award of attorneys' fees, and, therefore, **GRANTS** plaintiff's request as modified herein.

## I.      Factual and Procedural Background

Unless otherwise noted, the following relevant facts are derived from plaintiff's complaint (**Docket No. 1**) and the record.

On August 31, 2007, plaintiff filed an administrative complaint at the Department of Education, claiming that the Department of Education did not provide her disabled minor son with a Worker I and the speech and psychological therapies that he needed. *Id.* at ¶ 7. The administrative complaint was later amended to include an additional claim under the

---

[1] Plaintiff's motion for summary judgment was unopposed. **Docket Nos. 7 & 8.**

Individuals with Disabilities in Education Act ("IDEA"). *Id.* at ¶ 8. On March 26, 2008, the Administrative Judge issued a Resolution and Order, granting the relief sought in plaintiff's amended complaint and ordering the Department of Education to enroll Ayala at San Gabriel School, a specialized private school for the deaf. *Id.* at ¶ 9.

On August 1, 2008, plaintiff subsequently filed a complaint before this court requesting the payment of attorneys' fees incurred in the administrative proceedings, pursuant to the IDEA. **Docket No. 1**. On an unopposed motion for summary judgment, plaintiff was awarded attorneys' fees. **Docket No. 27**. In awarding attorneys' fees to plaintiff, this court specifically concluded that counsels' hourly rates ($200.00 per hour for Attorney Alfredo Fernández-Martínez and $125.00 per hour for Attorney Carolina Santa-Cruz) were reasonable. **Docket No. 27** at 6-7. Plaintiff has now filed this present motion requesting payment for attorneys' fees incurred in the litigation of their original complaint for attorneys' fees. **Docket No. 31**.

### III. Discussion

Fed. R. Civ. P. 54(d)(2) governs motions for attorneys' fees and requires the moving party to "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii). Further, "[u]nder the well-established 'American Rule' attorneys' fees are not recoverable by a party unless statutorily or contractually authorized." *Mullane v. Chambers*, 333 F.3d 322, 337 (1st Cir. 2003). In this case, IDEA provides the statutory authorization not only for plaintiff's initial filing for attorneys' fees, but also for this filing for attorneys' fees (for time devoted to litigating the reasonableness of the original fees).[2] IDEA provides that the parents or guardian of a child with a disability, who

---

[2] The Supreme Court has noted that "[a]ny given civil action can have numerous phases" and fee-shifting statutes generally "favor[ ] treating a case as an inclusive whole, rather than as atomized line items." *Comm'r, Immigration & Naturalization Serv.. v. Jean*, 496 U.S. 154, 161-62 (1990) (citing cases as the

is the prevailing party in an administrative proceeding or civil action, may recover reasonable attorneys' fees, in the court's discretion.  20 U.S.C.  § 1415(i)(3)(B).

### A.  Plaintiff As Prevailing Party

The determination of whether a party is a "prevailing party" under IDEA is guided by *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res.,* 532 U.S. 598 (2001). *See Doe v. Boston Pub. Sch.,* 358 F.3d 20, 29-30 (1st Cir. 2004) (holding *Buckhannon's* fee-shifting provision applies to the IDEA).  Under *Buckhannon,* for a party to be considered "prevailing," two requisites must exist: (1) there must be a "material alteration of the legal relationship of the parties," 532 U.S. at 604 (quotation omitted); and, (2) there must be "judicial *imprimatur* on the change." *Id.* at 605; *Smith v. Fitchburg Pub. Sch.,* 401 F.3d 16, 22 (1st Cir. 2005).

Plaintiff meets the *Buckhannon* requisites of a prevailing party in a civil action.  The court's finding of summary judgment for plaintiff materially altered the legal relationship between the parties since this court ordered co-defendants to pay attorneys' fees, where previously co-defendants did not owe plaintiff any monetary relief. *Farrar v. Hobby*, 506 U.S. 103, 113 (1992) ("A judgment for damages in any amount . . . modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay"); *Boston Children First v. City of Boston*, 395 F.3d 10, 14-15 (1st Cir. 2005)(quoting same).  Second, plaintiff only received the relief sought by instituting an action in the district court.  The antecedent summary judgment in this captioned case provides the necessary judicial imprimatur to the change.  As such, plaintiff is entitled to receive reasonable attorneys' fees under the IDEA.

---

basis for allowing "compensation for all aspects of fee litigation").  "Indeed, courts have consistently held that attorneys may be awarded, under statutory fee authorizations, compensation for the expenses of and time spent litigating the issue of a reasonable fee." *Prandini v.  Nat'l Tea Co.*, 585 F.2d 47, 53-54 (3d Cir. 1978) (citing *Souza v. Southworth*, 564 F.2d 609 (1st Cir. 1977); *Panior v. Iberville Parish Sch. Bd.*, 543 F.2d 1117 (5th Cir. 1976); *Hairston v. R & R Apartments*, 510 F.2d 1090 (7th Cir. 1975); *Knight v. Auciello*, 453 F.2d 852 (1st Cir. 1972); and a string of district court cases).  *See also Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979) (finding "time reasonably spent by plaintiff's attorneys in establishing their fee" compensable).

### B. Reasonableness of Attorneys' Fees

The "'prevailing party' requirement is 'a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is reasonable.'" *Comm'r*, 496 U.S. at 161 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). IDEA's reasonable attorneys' fees standard has been interpreted in a manner that is consistent with its analogous fee-shifting counterpart of the Civil Rights Act, 42 USC § 1988(b). *See Boston Pub. Sch.*, 358 F.3d at 27; *Maine Sch. Adm. Dist. No. 35 v. Mr. R*, 321 F.3d 9, 14 (1st Cir. 2003). Thus, after passing the prevailing party threshold, the court is called to determine whether the fees sought are reasonable and whether additional circumstances exist that may require adjusting the fee upward or downward. *Hensley*, 461 U.S. at 433-34.[3] In fee-shifting cases, such as the one at hand, the court calculates a lodestar; it determines the fee to which the prevailing party is entitled by multiplying the number of hours counsel productively expended, by counsel's reasonable hourly rate. *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992). To complete this calculation, "one must first determine the number of hours actually spent and then subtract from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary."*Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 950 (1st Cir. 1984). The court then applies counsel's hourly rates to the constituent tasks. In calculating hourly rates, the IDEA statute specifies that the fees awarded should "be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415 i(3)(C). *See also Lipsett*, 975 F.2d at 937 (taking into account "prevailing rates in the community for comparably qualified attorneys" when determining hourly rates) (internal citations and quotations omitted). It is the prevailing party's burden to submit evidence which justifies the fee request. *González v. P.R. Dep't. of*

---

[3] *Hensley* concerned attorneys' fees award pursuant to 42 USC § 1988.

Civil No. 08-1832 (ADC) Page 5

*Edu.*, 1 F. Supp. 2d 111, 114 (D.P.R. 1998)

In support of the attorneys' fees requested, plaintiff submitted an invoice, containing attorneys' hourly rates as well as an outline of the time spent per attorney, per task, in pursuit of the claim. **Docket No. 31-2**. Co-defendants have raised objections to specific time expenditures as well as the attorneys' hourly rates. **Docket No. 32**.

### 1. Specific Time Expenditures

Defendant raises objections to two specific time expenditures found on plaintiff's invoice at **Docket No. 31-2**: (1) invoice entry ("IE") five ("IE-5") dated January 27, 2009, described as "Researched Opposition to Summary Judgment and Rosa Lydia Vélez case cited" and (2) entry "IE-10 " dated April 21, 2009, described as "Work in draft of Proposed Pre-Trial Schedule."

Entry "IE-5" reflects that Attorney Fernández spent three-quarters of an hour researching the *Rosa Lydia Vélez* case cited in the opposition to summary judgment. However, an examination of the record reveals that no opposition to summary judgment was ever filed. Further, a review of the docket shows that the *Vélez* case was first cited by co-defendants in their memorandum of law filed July 10, 2009. **Docket No. 21**. Alternatively, even if this constitutes a factual misstatement, entry IE-5 is duplicative. Since plaintiff's invoice indicates that on July 13, 2009, both of plaintiff's attorneys reviewed the memorandum of law and worked on a motion for leave to submit a reply, entry IE-5, if in fact accurately described, is likely duplicative of the July 13, 2009, entries. Thus, the court eliminates this entry.[4]

---

[4] Co-defendants argue that the three-quarters of an hour at IE-5 should be eliminated if it applies to the memorandum of law because "[p]laintiff did not need to file an opposition to such motion as the Memorandum was not accepted by this Honorable Court." **Docket No. 32** at 7. However, this court refuses to accept this argument. Co-defendants filed their memorandum of law on July 10, 2009. **Docket No. 21**. On July 14, 2009, plaintiff filed a motion for leave to file a reply. **Docket No. 23**. Only on July 16, 2009, the court found co-defendants' memorandum at **Docket No. 21** untimely. It is not fair to deny plaintiff's counsel fees for time spent reviewing and researching the memorandum and preparing the reply (IE-17,18, 19, 20) in the six day interim between co-defendants' filing and the court's determination.

Co-defendants also object to the two hour allocation listed at entry "IE-10" for drafting a pre-trial schedule. The final draft of the pre-trial schedule was only two pages including the caption and the names of plaintiff's and co-defendants' attorneys. Co-defendants argue that a two hour allocation for such a short document is excessive. The Court agrees. While co-defendants urge the court to eliminate the IE-10 claim entirely, this court does not find such request reasonable. The court finds a reduced allocation of three-quarters of an hour to be more reasonable and reflective of the time required to draft, edit, and file a motion of the type and length listed at IE-10.

While co-defendants' have raised these specific objections, the court has a "duty to ensure that the amount requested by prevailing opponents is reasonable" even where defendant voices no opposition. *Diffenderfer v. Gómez-Colón*, 606 F. Supp. 2d 222, 230 (D.P.R. 2009)(citing *Zayas v. Puerto Rico*, 451 F. Supp. 2d 310, 315 (D.P.R. 2006)). On independent review of plaintiff's invoice, the court notes that counsel only bills in quarter hour increments, without regard for how much time the task actually takes. "Billing in quarter-hour increments is an unreasonable practice that will tend to inflate Plaintiff's total hours billed by adding time to *each* entry." *Diffenderfer*, 606 F. Supp. 2d at 231 (citing *Welch v. Metro. Life Ins. Co.*, 480 F. 3d 942, 948-49 (9th Cir. 2007); *Dzwonkowski v. Dzwonkowski*, No. 05-0544-KD-C, 2008 WL 2163916, at *26 (S.D. Ala. May 16, 2008)). Counsel consistently bills one-quarter hour for menial tasks such as reading motions to withdraw counsel and/or line orders in the docket. There are no fewer than ten instances of this type of billing in plaintiff's invoice. Although this number pales in comparison to the fifty items deemed menial in *Diffenderfer*, the fee application in that case was "lengthy." *Id.* In this case, the entire invoice contains only thirty entries; thus ten examples of inflated billing are significant. As a result, the court reduces the time allocation for the following ten entries as follows:

| IE | Date | Professional Service | Billed | Reduced |
|---|---|---|---|---|
| 3 | 11/24/2008 | Reviewed Motion for Extension of Time | 0.25 | 0.10 |

| 7  | 4/17/2009 | Reviewed Court Order. Re: Joint Pre-trial Report. | 0.25 | 0.10 |
| 9  |           | Reviewed Court Order, Re: Joint Pre-trial Report. | 0.25 | 0.10 |
| 13 | 5/26/2009 | Reviewed Defendant's Counsel Motion to Withdraw as an Attorney of Defendants | 0.25 | 0.10 |
| 14 |           | Reviewed Defendant's Counsel Motion to Withdraw by Counsel | 0.25 | 0.10 |
| 15 | 6/16/2009 | Reviewed Motion for Leave to Appeared filed by att. Rivera | 0.25 | 0.10 |
| 16 | 6/22/2009 | Reviewed Court Order granting counsel leave to appear & Court Order granting withdrawal of counsel and providing term for new counsel [sic] to make appearance | 0.25 | 0.10 |
| 21 | 7/16/2009 | Reviewed Order of Court, Re: Memorandum of Law filed by Department of Education | 0.50 | 0.10 |
| 25 | 8/25/2009 | Reviewed Judgment dismissing with prejudice | 0.25 | 0.10 |
| 26 |           | Reviewed Judgment dismissing with prejudice | 0.25 | 0.10 |

The court further notes a duplicate charge at entry "IE-22", dated August 11, 2009, described as "Reviewed Court Order accepting withdrawal of counsel." Since no new motion to withdraw was filed after June 22, 2009 and before August, 11, 2009, this entry is duplicative of IE-16, dated June 22, 2009, described as "Reviewed Court Order granting counsel leave to appear & Court Order granting withdrawal of counsel and providing term for new counsel [sic] to make appearance." As a result, the court excludes the duplicative claim under "IE-22" from its final calculation.

Finally, the court finds entry "IE-20", dated July 16, 2009, described as "Reviewed Defendants Opposition to Motion for Summary Judgment; reviewed and drafted changes to Motion Requesting Leave to File Reply and Court Order denying Opposition," to be unnecessary in part. The invoice asserts that counsel was using part of the allotted one hour to review and draft changes to the motion requesting leave to file a reply. However, said

motion was filed with the court on July 14, 2009 (**Docket No. 23**) and thus any "reviewing and drafting" of said motion after its filing and as of July 16 was unnecessary. The court thus reduces the time allocated under "IE-20" to 0.5 hours.

After careful review of plaintiff's invoice, this court finds 18.25 hours (of plaintiff's reported 22.75 hours) to be reasonable.[5]

### 2. Attorneys' Hourly Fees

While co-defendants may raise objections to the time expenditures, co-defendants are stopped under the doctrine of res judicata[6] from challenging the reasonableness of the attorneys' hourly fees. Res judicata is listed as an affirmative defense under Fed. R. Civ. P. 8(c) and generally is waived if it is not raised. Nevertheless, "[e]ven if appellees waived *res judicata* as an affirmative defense, a court on notice that it has previously decided an issue may dismiss the action *sua sponte*, consistent with the *res judicata* policy of avoiding judicial waste." *In re Medomak Canning,* 922 F.2d 895, 904-05 (1st Cir. 1990) (citing *United States v. Sioux Nation of Indians*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting); *Holloway Constr. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1988)). S*ee also Arizona v. California*, 530 U.S. 392, 412 (2000) (citing Rehnquist dissent). In his dissent, Justice Rehnquist suggests that the policy of raising res judicata *sua sponte* includes or at least equally applies to collateral estoppel:

> "It is well to remember that res judicata and its off-spring, collateral estoppel, are not statutory defenses; they are defenses adopted by the courts in furtherance of prompt and efficient administration of the business that comes before them. They are grounded on the theory that one litigant cannot unduly consume the time of the court at the expense of other litigants, and that, once the court has finally decided

---

[5] See Appendix A for the court's reviewed invoice of attorneys' fees.

[6] The boundaries of the doctrine of res judicata are not always clear. "The Restatement of Judgments now speaks of res judicata as 'claim preclusion' and collateral estoppel as 'issue preclusion.' Restatement (Second) of Judgments § 74 (Tent. Draft No. 3, April 15, 1976). Some courts and commentators use 'res judicata' as generally meaning both forms of preclusion." *Allen v. McCurry*, 449 U.S. 90, 94 n.5 (1980). Further, the Supreme Court as recently as 2008 stated that "[t]he preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 128 S. Ct. 2161, 2171 (2008).

an issue, a litigant cannot demand that it be decided again."
*Sioux Nation of Indians*, 448 U.S. at 433 (Rehnquist, J., dissenting) (quoting *Warthen v. United States*, 157 Ct. Cl. 798, 800 (1962)). In *Arizona*, the court interchangeably uses "preclusion defense" and res judicata and cautions that "[w]here no judicial resources have been spent on the resolution of a question, trial courts must be cautious about raising a preclusion bar *sua sponte*." *Id.* at 412-13. In the case at bar, where the judicial resources of this very court have been spent litigating and adjudicating the contested issue, attorneys' hourly fees, it is consistent with the policies of both claim preclusion and issue preclusion for the court to consider a preclusion bar *sua sponte*.

In this instant case, issue preclusion is appropriate. "Collateral estoppel, also known as issue preclusion, prohibits a party from re-litigating issues that have previously been adjudicated." *Enica v. PRINCEPS*, 544 F.3d 328, 336 (1st Cir. 2008) (citing *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 n.5 (1979)). It "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party . . . and of promoting judicial economy by preventing needless litigation." *Parklane*, 439 U.S. at 326 (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 328-329 (1971)). Collateral estoppel applies where "(1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding judgment; and (4) the determination of the issue was essential to the judgment." *Ramallo Bros. Printing, Inc. v. El Dia, Inc.*, 490 F.3d 86, 90 (1st Cir. 2007) (citing *Keystone Shipping Co. v. New England Power Co.*, 109 F.3d 46, 51 (1st Cir. 1997).

Each of the prerequisites for collateral estoppel exist in the instant case. First, the reasonableness of the attorneys' hourly fee brought up by co-defendants is the exact same issue that was addressed in the summary judgement of the underlying complaint. *Compare* **Docket No. 32** at 2-6 *with* **Docket No. 27** at 6-7. Second, the hourly rate for each attorney was actually litigated. Although co-defendants did not file an opposition to the motion for summary

judgment, and thus did not explicitly challenge the hourly rate, this does not mean the issue was not actually litigated.  This second criteria does not require that co-defendants actually advocate their position; it only requires that the issue be "squarely raised" giving co-defendants "a full and fair opportunity to interpose objection[s] if [they] disagreed." *Monarch Life Ins. Co. v. Ropes & Gray*, 65 F.3d 973, 981 (1st Cir. 1995).  When the issue is "expressly broached in the [opposing party's] memorandum . . . and by prominent citation to decisions . . . silence alone satisfie[s] the second criterion under the collateral estoppel analysis." *Id*.  In this case, plaintiff expressly raised the issue of the reasonableness of the hourly rate of both attorneys in plaintiff's motion for summary judgment and the memorandum of law in support thereof.  **Docket No. 8** at 8-9.  The plaintiff also cited to prominent case law on the issue.  In particular, plaintiff cited *Zayas*, 451 F. Supp. 2d 310 (**Docket No. 8** at 8), the primary legal standard this court relied upon in adjudicating the reasonableness of the attorneys' hourly rates (**Docket No. 27** at 6-7).  In light of the foregoing, co-defendants' silence on the issue is sufficient to show that the reasonableness of attorneys' hourly fee was actually litigated.

Third, plaintiff's underlying claim which addressed this specific issue was decided by this court on summary judgment.  **Docket No. 27**.  "Summary judgment constitutes a final judgment on the merits for purposes of applying res judicata*." Dowd v. Soc'y of St. Columbans*, 861 F.2d 761, 764 (1st Cir. 1988).  Thus, the issue was determined by a valid and binding judgment. Last, the determination of attorneys' hourly fees also fulfills the fourth requirement of collateral estoppel, essential to the judgment.  The issue to be precluded must have been essential to the judgment because "a collateral issue, although it may be the subject of a finding, is less likely to receive close judicial attention *and* the parties may well have only limited incentive to litigate the issue fully since it is not determinative." *Commercial Assocs. v. Tilcon Gammino, Inc.*, 998 F.2d 1092, 1097 (1st Cir. 1993).  On summary judgment, this court not only determined that plaintiff was entitled to attorneys' fees, but also calculated how much plaintiff was entitled to in attorneys' fees.  In calculating the latter, the IDEA statute and

lodestar method require the court first to ascertain a reasonable hourly rate, in sync with the prevailing community rates, for each attorney. Only after establishing reasonable hourly rates can the court calculate the final award for attorneys' fees. Consequently, attorneys' hourly rates were determinative on the fees award given to plaintiff on summary judgment. Co-defendants had ample incentive and opportunity to object to the attorneys' hourly rates in the underlying action. Their failure to challenge the reasonableness of the hourly rates then or to appeal summary judgment can not be remedied now through a collateral attack on the court's findings.

As has been previously held, $200.00 is a reasonable hourly rate for Attorney Fernández and $125.00 is a reasonable hourly rate for Attorney Santa. *See* **Docket No. 27** at 6-7. Co-defendants are collaterally stopped from challenging this issue.

## IV.   Conclusion

Based on the foregoing, plaintiff's motion for attorneys' fees (**Docket No. 31**) is **GRANTED** as herein modified. Accordingly, plaintiff is entitled to receive $2,412.50[7] in payment for attorneys' fees[8] incurred in submitting their original request for attorneys' fees under the IDEA.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 24th day of August, 2010.

                                                                                  **S/AIDA M. DELGADO-COLÓN**
                                                                                  **United States District Judge**

---

[7] For itemization of this final figure, see Appendix A.

[8] Plaintiff is not entitled to receive payment for costs i.e. translation fees through this motion. Proper procedure for receiving costs requires plaintiff's counsel to file a verified bill of costs within thirty days of entry of judgment. *See* Taxation of Costs Guidelines, March 27, 2007.

Civil No. 08-1832 (ADC)                                                                                   Page 12

**APPENDIX A**

| IE | Date | Professional Services (Attorney)[9] | Rate[10] | Hours | Amount |
|----|------|-------------------------------------|----------|-------|--------|
| 1 | 11/11/2008 | Reviewed Exhibits of Statement of Uncontested Material Facts and in supports documents. (CS) | 125.00/hr | 0.75 | $93.75 |
| 2 |  | Drafted Changes to Summary Judgment and Drafted Proposed SUF. (CS) | 125.00/hr | 2.00 | $250.00 |
| 3 | 11/24/2008 | Reviewed Motion for Extension of Time filed by defendants. (AFM) | 200.00/hr | 0.10*[11] | $20.00 |
| 4 | 12/19/2008 | Reviewed Translated exhibits to SUF and Drafted Motion Submitting Certified Translations. (CS) | 125.00/hr | 1.50 | $187.50 |
| 5 | 1/27/2009 | Researched Opposition to Summary Judgment and Rosa Lydia Vélez case cited. (AFM) | 200.00/hr | 0.00* | $0.00 |
| 6 | 1/28/2009 | Drafted Informative Motion regarding defendant's failure to Timely file opposition to summary judgment. (CS) | 125.00/hr | 0.75 | $93.75 |
| 7 | 4/17/2009 | Reviewed Court Order. Re: Joint Pre-trial Report. (AFM) | 200.00/hr | 0.10* | $20.00 |
| 8 |  | Telephone Conference with client to informed Status of Action. (CS) | 125.00/hr | 0.75 | $93.75 |

---

[9] The initials in the parenthesis indicate the attorney who performed the described task. AFM refers to Attorney Alfredo Fernández-Martínez and CS refers to Attorney Carolina Sant-Cruz.

[10] All attorney rates are taken from plaintiff's invoice. Any downward deviations from reasonable hourly rates determined by the court reflect plaintiff's decision to deviate downward on plaintiff's invoice at **Docket No. 31-2**.

[11] An asterisk (*) indicates that the time allocated has been reduced by the court for reasons explained in section B1 of the Opinion and Order.

Civil No. 08-1832 (ADC)                                                                 Page 13

| 9  |           | Reviewed Order of Court, Re: Joint Proposed Pretrial Schedule. (CS) | 125.00/hr | 0.10* | $12.50 |
| 10 | 4/21/2009 | Work in draft of Proposed Pre-Trial Schedule. (CS) | 125.00/hr | 0.75* | $93.75 |
| 11 |           | Telephone Conference with Atty. Alex Vazquez, Re: Proposed Pre-Trial Schedule. (CS) | 125.00/hr | 0.50 | $62.50 |
| 12 |           | Meet with Atty. Alex Vazquez, Re: Preparation of Proposed Pre-Trial Schedule. (CS) | 125.00/hr | 1.50 | $187.50 |
| 13 | 5/26/2009 | Reviewed Defendant's Counsel Motion to Withdraw as an Attorney of Defendants. (CS) | 125.00/hr | 0.10* | $12.50 |
| 14 |           | Reviewed Defendant's Counsel Motion to Withdraw by counsel. (AFM) | 200.00/hr | 0.10* | $20.00 |
| 15 | 6/16/2009 | Reviewed Motion for Leave to Appear filed by att. Rivera. (AFM) | 200.00/hr | 0.10* | $20.00 |
| 16 | 6/22/2009 | Reviewed Court Order granting counsel leave to appear and Court Order granting withdrawal of counsel and providing term for new counsel to make appearance. (AFM) | 200.00/hr | 0.10* | $20.00 |
| 17 | 7/13/2009 | Reviewed Memorandum of Law Regarding Requested Attorneys Fees filed by defendants. (AFM) | 125.00/hr | 0.75 | $93.75 |
| 18 |           | Reviewed Memorandum of Law Regarding Requested Attorneys Fees filed by defendants. (CS) | 125.00/hr | 1.00 | $125.00 |
| 19 |           | Worked in Draft, Re: Motion for Leave to Submit a Reply in Support to Motion for Summary Judgment. (CS) | 125.00/hr | 0.50 | $62.50 |
| 20 | 7/16/2009 | Reviewed Defendants Opposition to Motion for Summary Judgment; reviewed and drafted changes to Motion Requesting Leave to File Reply and Court Order denying Opposition. (AFM) | 200.00/hr | 0.50* | $100.00 |

| 21 |  | Reviewed Order of Court, Re: Memorandum of Law filed by Department of Education. (CS) | 125.00/hr | 0.10* | $12.50 |
| --- | --- | --- | --- | --- | --- |
| 22 | 8/11/2009 | Reviewed Court Order accepting withdrawal of counsel. (AFM) | 200.00/hr | 0.00* | $0.00 |
| 23 | 8/24/2009 | Reviewed Opinion and Order granting Motion for Summary Judgment. (AFM) | 200.00/hr | 0.75 | $150.00 |
| 24 | 8/25/2009 | Reviewed Opinion and Order, Re; Granting Attorneys Fees Requested. (CS) | 125.00/hr | 0.75 | $93.75 |
| 25 |  | Reviewed Judgment dismissing with prejudice. (CS) | 125.00/hr | 0.10* | $12.50 |
| 26 |  | Reviewed Judgment dismissing with prejudice. (AFM) | 125.00/hr | 0.10* | $12.50 |
| 27 |  | Drafted letter to Client Informing of Courts Opinion Order. (AFM) | 125.00/hr | 0.50 | $62.50 |
| 28 | 9/3/2009 | Work in Draft, Re: Motion Requesting Attorneys' Fees. (CS) | 125.00/hr | 2.00 | $250.00 |
| 29 |  | Research on award of attorneys fees for time spent obtaining fees in IDEA cases. (CS) | 125.00/hr | 2.00 | $250.00 |
|  |  |  | **TOTAL** |  | $2,412.50 |
|  |  | **Additional Charges** |  |  |  |
| 30 | 12/11/2008 | Translation Services Certified Spanish to English Translation Services. (Lauren M. Garcia -Federal Court Interpreter) |  |  | $0.00 |
|  |  |  | **FINAL TOTAL** |  | $2,412.50 |